United States District Court
Southern District of Texas
**ENTERED**
July 17, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 99-CR-628-04 |
| | § | |
| JAMES ROY WHITE, | § | |

**MEMORANDUM AND ORDER**

In 2000, James Roy White received a mandatory life sentence based on his conviction for, among other offenses, aiding and abetting to possess and conspiring to possess at least 50 grams of crack cocaine, and based on his prior convictions for two serious drug felonies. He now moves for resentencing based on § 404 of the First Step Act. (Docket Entry No. 271). The government responded, and White replied. (Docket Entry Nos. 272, 273).

Based on the applicable law and the motion, response, and reply, the court grants White's motion for resentencing. (Docket Entry No. 271). An addendum to the presentencing report is due by August 9, 2019, and a hearing is set for August 16, 2019, at 8:30 a.m., in courtroom 11-B.

**I.      Background**

An October 1999 indictment alleged that White had conspired to possess and aided and abetted the possession of crack cocaine with the intent to distribute at least 50 grams, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846, and 18 U.S.C. § 2. (Docket Entry No. 1). A jury convicted White on both of these counts in March 2000. (Docket Entry No. 89). Before trial, the government filed a notice under 21 U.S.C. § 851 of White's two prior drug felony convictions.

At sentencing, the court found that the government had proven the prior felony convictions disclosed on the § 851 enhancement. That finding mandated a life sentence for each of the

possession counts. (*See* Docket Entry No. 271 at 2). The court adopted the presentence report's finding that White was accountable for 510.3 grams of crack cocaine with an average role and a criminal history category of V. (*Id.*). His Guidelines range 292 to 365 months. (*Id.*). But because the court concluded that White's prior convictions made him a career offender, raising the Guidelines range to 360 months to life imprisonment, the Court imposed the mandatory life sentence for both counts. (Docket Entry No. 142).

White argues that he is eligible under the First Step Act's retroactive application of the Fair Sentencing Act for resentencing to a lower sentence for his § 841(b)(1)(B) convictions—10 years to life with a Guidelines range of 151 to 188 months. (Docket Entry No. 271 at 5; *see* Docket Entry No. 272 at 2). The government argues that White is not eligible under the First Step Act because his relevant conduct mad him accountable for 510.3 grams of crack cocaine, which is above the amended amount of more than 280 grams required for a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). (Docket Entry No. 272 at 2).

**II.     The First Step Act**

The First Step Act, enacted in December 2018, allows, but does not require, a court to reduce a previously imposed sentence under narrow circumstances. Section 404(b) of the Act states:

> A court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, 132 Stat. 5194, § 404(b). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010" and "was committed before August 3, 2010." *Id.* § 404(a).

The Fair Sentencing Act of 2010 was intended to "reduc[ed] the crack-to-powder cocaine disparity from 100–to–1 to 18–to–1." *Dorsey v. United States*, 567 U.S. 260, 264 (2012). The Fair Sentencing Act increased the crack-cocaine quantities triggering a mandatory minimum, including shifting from 5 grams to 28 grams to trigger the 5-year minimum and from 50 grams to 280 grams to trigger the 10-year minimum. Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372, § 2(a); *see also* 21 U.S.C. § 841(b)(1)(A).

The issue is how the First Step Act applies to a defendant's pre-2010 conviction under § 841(b)(1)(B) for over 50 grams of crack cocaine, if, after 2010, that defendant could have been charged for over 280 grams of crack cocaine based on the amount attributed to the defendant in the presentence report.

### III.     Analysis

The court asks two questions when considering a motion to reduce a sentence under the First Step Act. The first is whether the defendant is eligible for a reduced sentence. *See* Pub. L. No. 115-391, 132 Stat. 5194, § 404(b). If the defendant is eligible, the second question is whether to reduce the sentence and what an appropriate sentence would be if the Fair Sentencing Act had been in effect when the defendant committed the offense. *See id.*

The parties disagree about whether White is eligible under § 404 of the First Step Act. The government argues that although White was charged with more than 50 grams of crack cocaine, and the Fair Sentencing Act raised the threshold amount for a 10-year mandatory minimum to 280 grams, the presentence report held him responsible for 510.3 grams of crack cocaine. (Docket Entry No. 272 at 3). According to the government, "what counts as a 'covered offense' necessarily turns on facts specific to the defendant's offense," not limited to what was charged in the

3

indictment. (*Id.* at 5). White counters that it is not the underlying conduct that determines his eligibility, but instead the statute he was convicted under. (Docket Entry No. 273 at 1–2).

The government's argument focuses on the definition of "covered offense." (Docket Entry No. 272 at 5). According to the government, the dependent clause, "the statutory penalties for which were modified by section 2 or 3," modifies the word "violation," not "Federal criminal statute." (*Id.* at 4). The government construes "violation" to mean the conduct underlying the offense, rather than the offense elements. (*Id.*). Because the presentence report concluded that White's underlying conduct involved 510.3 grams of crack cocaine, the government argues that he is not eligible for a reduced sentence under the Fair Sentencing Act's raised threshold of 280 grams of crack cocaine for a violation of 21 U.S.C. § 841(b)(1)(B). (*Id.*).

Almost every court to address this issue agrees with White's interpretation.[1] These courts have concluded that defendants who, like White, were indicted and convicted before 2010 for

---

[1] *See, e.g.*, *United States v. Dodd*, 372 F. Supp. 3d 795 (S.D. Iowa 2019); *United States v. Glore*, 371 F. Supp. 3d 524, 532 (E.D. Wis. 2019); *United States v. Powell*, 360 F. Supp. 3d 134, 139 (N.D.N.Y. 2019); *United States v. Pierre*, 372 F. Supp. 3d 17, 22 (D.R.I. 2019); *United States v. VanBuren*, No. 3:00-cr-00066-1, 2019 WL 3082725, at *3 (W.D. Va. July 15, 2019); *United States v. Smith*, No. 1:07-cr-210, 2019 WL 3071940, at *4 (W.D. Mich. July 15, 2019); *United States v. Jones*, No. 1:08-cr-00040, 2019 WL 374075, at *2 (W.D. Va. July 15, 2019); *United States v. Lee*, No. 1:08-cr-00024-007, 2019 WL 3073992, at *2 (W.D. Va. July 15, 2019); *United States v. Cruz*, No. 1:95-cr-204, 2019 WL 3070562, at *3 (M.D. Penn. July 12, 2019); *United States v. Slade*, No. 1:08-cr-00024-005, 2019 WL 3061200, at *3 (W.D. Va. July 12, 2019); *Wright v. United States*, No. 4:395-cr-39, 2019 WL 3046096, at *6 (E.D. Va. July 11, 2019); *United States v. Lutcher*, No. 03-338, 2019 WL 3006414, at *3 (E.D. La. July 10, 2019); *United States v. Stallworth*, No. 1:08-cr-00024-036, 2019 WL 2912845, at *3 (W.D. Va. July 8, 2019); *United States v. Williams*, No. 03-cr-1334, 2019 WL 2865226, at *3 (S.D.N.Y. July 3, 2019); *United States v. Burke*, No. 2:08-cr-63(1), 2019 WL 2863403, at *3 (E.D. Tenn. July 2, 2019); *United States v. Valentine*, No. 1:99-cr-01-2, 2019 WL 2754489, at *5 (W.D. Mich. July 2, 2019); *United States v. Payton*, No. 07-20498-1, 2019 WL 2775530, at *3 (E.D. Mich. July 2, 2019); *United States v. Herbert*, No. 5:97-cr-30024, 2019 WL 2718498, at *5 (W.D. Va. June 28, 2019); *United States v. Zamora*, No. 05-cr-39-bbc, 2019 WL 22883818, at *3 (W.D. Wis. June 25, 2019); *United States v. Easter*, No. 1:07-CR-153-01, 2019 WL 2602159, at *2 n.1 (M.D. Pa. June 25, 2019); *United States v. Johnson*, No. 01 CR 543, 2019 WL 2590951, at *3 (N.D. Ill. June 24, 2019); *United States v. Booker*, No. 07-CR-843-7, 2019 WL 2544247, at *3 (N.D. Ill. June 20, 2019); *United States v. Bean*, No. 1:09-CR-143, 2019 WL 2537435, at *4 (W.D. Mich. June 20, 2019); *United States v. Latten*, No. 1:02CR00011-012, 2019 WL 2550327, at *2 (W.D. Va. June 20, 2019); *United States v. Berry*, No. 1:09-cr-05-2, 2019 WL 2521296, at *3 (W.D. Mich. June 19, 2019); *United States v. Shaw*, No. 02-CR-162-BBC, 2019 WL 2477089, at *4 (W.D. Wis. June 13, 2019); *United States v. Stone*,

certain crack-cocaine charges are eligible under § 404 of the First Step Act even if the facts admitted in a guilty plea shown at trial, or shown in a presentence report, would make the defendant accountable for a higher sentence under the Fair Sentencing Act.

In *United States v. Powell*, 360 F. Supp. 3d 134 (N.D.N.Y. 2019), the Northern District of New York concluded that the defendant was eligible for relief because "[t]he drug type and quantity used to set the statutory range under the First Step Act of 2018 is the quantity charged in the indictment and found by a jury beyond a reasonable doubt." *Id.* at 139.  The fact that the evidence supported that the defendant was responsible for an amount of crack cocaine that would have allowed the government to indict him for a charge resulting in the same guidelines range was immaterial to determining eligibility under the First Step Act. *Id.*  In *United States v. Johnson*, No. 01-cr-543, 2019 WL 2590951 (N.D. Ill. June 24, 2019), a defendant who admitted to a greater amount of crack cocaine than the indictment charged was eligible because, "[u]nder *Alleyne* [*v. United States*, 570 U.S. 99, 103 (2013)], the Government cannot rely on a drug quantity that the

---

No. 1:96 CR 403, 2019 WL 2475750, at *2 (N.D. Ohio June 13, 2019); *United States v. Martinez*, No. 04-CR-48-20-JSR, 2019 WL 2433660 (S.D.N.Y. June 11, 2019), *appeal filed*, 19-1736 (2d Cir. June 12, 2019); *United States v. Jones*, No. 2:05-CR-29-FL-1, 2019 WL 2480113, at *3 (E.D.N.C. June 11, 2019); *United States v. Thomas*, No. 09-00117-KD-B, 2019 WL 2375133, at *2 (June 5, 2019); *United States v. Rose*, No. 03-CR-1501-VEC, 2019 WL 2314479 (S.D.N.Y. May 24, 2019); *United States v. Lewis*, No. CR 08-0057 JB, 2019 WL 2192508, at *18 (D.N.M. May 21, 2019); *United States v. Boulding*, No. 1:08-cr-65-01, 2019 WL 2135494 (W.D. Mich. May 16, 2019), *appeal filed*, No. 19-1590, 2019 WL 2135494 (6th Cir. May 28, 2019); *United States v. Bradshaw*, No. 2:05-CR-17-01, 2019 WL 2290595, at *2 (W.D. Mich. May 15, 2019), *appeal filed*, 10-1605 (6th Cir. May 31, 2019); *United States v. Francis*, No. CR 99-00072-KD-C, 2019 WL 1983254, at *2 (S.D. Ala. May 3, 2019); *United States v. Davis*, No. 4:92-cr-04013-WC-CAS-3 (N.D. Fla. Mar. 3, 2019); *United States v. Stanback*, No. 02-CR-30020, 2019 WL 1976445, at *3 (W.D. Va. May 2, 2019); *United States v. Brown*, No. CR073541DSDFLN, 2019 WL 1895090, at *2 (D. Minn. Apr. 29, 2019); *United States v. Allen*, No. 3:96-cr-00149-RNC-3, 2019 WL 1877072, at *2–4 (D. Conn. Apr. 26, 2019); *United States v. Davis*, No. 07-CR-245S-1, 2019 WL 1054554, at *2–3 (W.D.N.Y. Mar. 6, 2019); *United States v. Simons*, 375 F. Supp. 3d 379 (E.D.N.Y. 2019) (*United States v. Laguerre*, No. 5:02-CR-30098-3, 2019 WL 861417, at *1 (W.D. Va. Feb. 22, 2019).  *But see United States v. Glover*, No. 95-08021-CR-LENARD, 2019 WL 1924706, at *13 (S.D. Fla. May 1, 2019); *United States v. Blocker*, No. 4:07-c4-36-RH, 2019 WL 2051957 (N.D. Fla. Apr. 25, 2019); *United States v. Haynes*, No. 8:08CR441, 2019 WL 1430125, at *2 (D. Neb. Mar. 29, 2019).

Probation Office included in the PSR, when that drug quantity differed dramatically from the quantity found by the jury, to hold [the defendant] to a higher statutory penalty." *Id.* at *3.

*United States v. Dodd*, 372 F. Supp. 3d 795 (S.D. Iowa 2019), is also instructive. In *Dodd*, the defendant had pleaded guilty to one count of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. *Id.* at 796. At sentencing, he was held accountable for 1.5 kilograms of crack cocaine. *Id.* His final offense level was 37 and his criminal history category was V, making his Guideline sentencing range 324 to 405 months. *Id.* Because he had two prior qualifying felonies under 21 U.S.C. § 851, a mandatory minimum life sentence applied. *Id.* at 796.

The defendant sought resentencing under the First Step Act to lower his mandatory minimum sentence from life to ten years, but the government argued that he was not eligible for a sentence reduction under the Act. *Id.* at 797. The government, as it does here, argued that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is not retroactive, meaning that the sentencing finding that the defendant was responsible for 1.5 kilograms could trigger the enhanced mandatory minimum, even though he had not pleaded guilty to more than 50 grams. *Id.* The court rejected that argument, explaining that the Act "applies to offenses and not conduct." *Id.* (citing *United States v. Davis*, No. 07-CR-245S-1, 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019)). Because the offense charged in the indictment was "intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A) (2006) as it then existed," that was the "offense that was affected by the Fair Sentencing Act, and . . . with which the First Step Act [was] concerned." *Id.*

The court explained that the government's argument "rest[ed] on a misplaced equivalency with sentence reductions under 18 U.S.C. § 3582(c)(2)," which are not new sentences and are granted in limited circumstances. *Id.* The First Step Act, however, "contains a broader grant of authority 'to impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010'

6

were in effect," making *Apprendi* binding at resentencing. *Id.* 797–98. Because the defendant had not pleaded, or a jury had not found that the defendant was accountable for, possessing more than 50 grams of crack cocaine, he was eligible under the First Step Act for a sentence reduction. *Id.* at 798.

*United States v. Boulding*, 379 F. Supp. 3d 646 (W.D. Mich. 2019), reached the same conclusion. In *Boulding*, both the defendant and the government had "framed their answers" to whether the defendant was eligible for a reduced sentence under the First Step Act "in terms of . . . [the] actual offense conduct and the quantity of narcotics that are attributable to [the] defendant." *Id.* at 651. The court concluded that this framing "miss[ed] the mark because eligibility under the language of the First Step Act turns on a simple, categorical question": whether the offense leading to the conviction "was a crack cocaine offense affected by the Fair Sentencing Act." *Id.* "All other issues, including the proper quantity determination, are part of a reviewing court's discretionary call on whether to modify an eligible defendant's sentence." *Id.* at 652. The statute did not consider the actual quantity of crack cocaine established by the conviction or at sentencing. *Id.*

In *United States v. Rose*, 379 F. Supp. 3d 233 (S.D.N.Y. 2019), the district court went further in explaining its interpretation of the First Step Act. The two defendants in *Rose* had each received 25-year mandatory minimum sentences based on convictions for conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1), and for possessing a firearm in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c). *Id.* at 226. In the original sentence, the court found both defendants responsible for conspiring to distribute 1.5 kilograms of crack cocaine. *Id.* In 2019, the defendants moved for reduced sentences under the First Step Act. *Id.* at 227. In rejecting the government's argument that eligibility should

be determined based on the defendants' actual conduct, the court explained how the government misread § 404:

> The Government's reading of § 404(a) depends on two erroneous interpretive choices. First, the Government construes the dependent clause, "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010" (hereinafter "penalties clause"), as modifying the noun "violation," rather than modifying the phrase "Federal criminal statute." Next, the Government construes "violation" to mean the actual conduct underlying the offense, rather than the elements of the offense.
>
> When given its most natural reading, the "penalties" clause modifies the adjacent noun phrase, "Federal criminal statute." As a general principle, courts interpret the text of criminal statutes in a manner consist with "ordinary English grammar" and rules of usage. One such rule is that a modifier is presumed to apply to the noun or pronoun closest to it. Here, the "penalties" clause is most naturally read as modifying "Federal criminal statute," the noun phrase immediately next to it. Indeed, Congress appears to have deliberately inserted "Federal criminal statute" after the word "violation" and added the word "statutory" before the word "penalties" to achieve this exact result. . . .
>
> The use of the past tense, *i.e.*, "were modified," in the "penalties" clause also confirms that the clause was intended to modify "statute," not "violation." Because the Fair Sentencing Act was not retroactive, it could not have "modified" any penalties imposed for violations "committed before August 3, 2010." Rather, the only "statutory penalties" that the Fair Sentencing Act could have modified were the crack-cocaine penalties provided in the Controlled Substances Act.
>
> Second, even if the dependent clause could be construed as modifying "violation," it is at least ambiguous whether "violation" refers to the elements of the statute of conviction or the offense conduct. That ambiguity must be resolved in the defendant's favor.

*Id.* at 228–29 (citations omitted). The court concluded that "[c]onstruing § 404(a) in favor of broader eligibility would also be consistent with the rule of lenity," an especially important concern given that the quantity of crack cocaine may have had little significance to the defendants when they were originally sentenced. *Id.* at 229.

Only a few courts have sided with the government's position that eligibility turns on the defendant's actual conduct, rather than the charged offense, making these courts "outliers" on this issue. *See, e.g.*, *United States v. Glover*, No. 95-08021-CR-LENARD, 2019 WL 1924706, at *13

(S.D. Fla. May 1, 2019); *United States v. Blocker*, 378 F. Supp. 3d 1125 (N.D. Fla. 2019); *United States v. Haynes*, No. 8:08CR441, 2019 WL 1430125, at *2 (D. Neb. Mar. 29, 2019). But even in courts concluding that eligibility depends on the defendant's conduct, there is variability as to whether the court orders an evidentiary hearing to resolve the amount of crack cocaine for which the defendant is responsible. *Compare Blocker*, 378 F. Supp. 3d at 1132 (ordering an evidentiary hearing), *with Haynes*, 2019 WL 1430125, at *2 (rejecting a motion for a reduced sentence because "[i]f the Fair Sentencing Act had been in effect at the time of the Indictment, the underlying and undisputed facts demonstrate that the government still would have charged Haynes under 21 U.S.C. § 841(b)(1)(B)(iii).").

*Blocker* is an example of the minority view. In *Blocker*, the defendant pleaded guilty in 2007 to: conspiring to manufacture, distribute, or possess with the intent to distribute 500 grams or more of powder cocaine and 50 grams or more of crack cocaine; distributing 5 grams or more of crack; and possessing with intent to distribute 5 grams or more of crack cocaine. *Blocker*, 378 F. Supp. 3d at 1127. The defendant admitted in open court that the factual basis of the indictment and the facts stated in the government's written proffer were true. *Id.* The presentence report concluded that the defendant was responsible for 907 grams of crack cocaine. *Id.* Although the defendant denied at sentencing that he was responsible for that amount, he did not retract his prior admission that he was responsible for 500 grams or more of powder cocaine or 50 grams or more of crack cocaine. *Id.* When the defendant sought a reduced sentence in 2019, the government argued that he was not eligible under the First Step Act because he had admitted responsibility for 907 grams of crack cocaine, which would have allowed an indictment for at least 280 grams of crack cocaine if the 2010 Fair Sentencing Act been in effect. *Id.* at 1128. The government argued that "it could have proved at trial or at sentencing . . . that [the defendant] was responsible for at

least 400 grams of crack." *Id.* The *Blocker* court rejected the "indictment-controls" approach that "the relevant question is not the amount of crack actually involved in the offense of conviction but only the amount that was charged in the indictment that led to the conviction." *Id.* at 1128–29. The *Blocker* court justified its minority view by explaining that the First Step Act allowed a reduced sentence for a "covered offense," which is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act," and that "which" modified "violation of a Criminal statute," making a "violation" the criminal conduct, not the indictment. *Id.* at 1129. But, instead of finding the defendant ineligible because he admitted responsibility for at least 400 grams of crack cocaine, the court ordered an evidentiary hearing because under *Apprendi* the defendant has the right to a jury trial on a finding that increases the maximum sentence that could be imposed for an offense. *Id.* at 1132. If the Fair Sentencing Act had been in effect when the defendant committed his offense, the charge would have been different and "it might or might not have affected [the defendant's] decision to plead guilty." *Id.* at 1130.

This court follows the majority of district courts to conclude that § 404(a) of the First Step Act bases eligibility on what is charged in the indictment, not on the defendant's offense conduct. The statutory language does not tie eligibility to conduct. The *Rose* court's conclusion that the "penalties" clause modifies the adjacent noun phrase, "Federal criminal statute" is logical and consistent with the general rule of lenity and the stated purpose of the First Step Act. That interpretation of § 404(a) would make White eligible for a reduced sentence under the Fair Sentencing Act.

## IV.     Conclusion

White is eligible for resentencing under the First Step Act. White's motion for resentencing, (Docket Entry No. 271), is granted. An addendum to the presentencing report is due by **August 9, 2019**, and a hearing is set for **August 16, 2019, at 8:30 a.m.**, in courtroom 11-B.

SIGNED on July 17, 2019, at Houston, Texas.

                                                                         _____
                                                                                    Lee H. Rosenthal
                                                                         Chief United States District Judge